### EMILE KAHN ET AL. v. H. J. REEDY.

DEGREE OF KINSHIP COMPUTED BY COMMON LAW RULE.

The fourth degree of kinship, rendering a juror subject to challenge, sec. 5176, Rev. Stat., is to be reckoned by the civil law rule, to count each step to the common ancestor and each step back again.

ERROR to Hamilton Common Pleas.

SMITH, J.

The only error assigned or argued is that the trial court overruled a motion for a new trial, based on the ground that one of the jurors who sat in the trial of the case was a second cousin once removed of the wife of Mr. Kahn, one of the plaintiffs in error, when it was shown that before the jury was impaneled he had been inquired of as to his relationship to the parties, and had not disclosed the fact, and that plaintiffs in error and their counsel were ignorant of the relationship.

Section 5176, Rev. Stat., makes it a good cause for challenge to a juror that he is akin by consanguinity or affinity within the fourth degree to either party.

As stated by Judge Walker in his Commentaries on American Law (346), the mode of computing the degrees of kindred adopted in this country is that of civil law—that is, to begin with the intestate (or juror) and ascend to the common ancestor and then descend to the other person in question, recognizing a degree for each person in both the ascending and descending lines. The juror and Mrs. Kahn are not akin by consanguinity or affinity within the fourth degree, and he was entirely competent to sit as a juror therein.

Judgment affirmed.

*Harmon, Colston, Goldsmith & Hoadly*, for plaintiffs in error.

*Cobb & Howard*, contra.